**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**BRANDON DWAYNE THOMAS** | **CASE NO. 2:24-CV-00791**

**VERSUS** | **JUDGE JAMES D. CAIN, JR.**

**D G LOUISIANA L L C** | **MAGISTRATE JUDGE LEBLANC**

# MEMORANDUM ORDER

Before the court is a Motion in Limine filed by plaintiff Brandon Dwayne Thomas. Doc. 32. Defendant DG Louisiana LLC opposes the motion. Doc. 35.

## I.
## BACKGROUND

This suit arises from a slip and fall at a Dollar General store in Iowa, Louisiana, on December 5, 2023. Doc. 1, att. 2. Plaintiff alleges that he was shopping in the store on that date and slipped on cleaning solution on the floor of an aisle, where an employee had recently been mopping but had failed to put out a wet floor sign. *Id.* He filed suit against defendant in state court, raising claims of negligence. *Id.* Defendant removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. The case is set for jury trial before the undersigned on September 21, 2026.

Plaintiff now moves to exclude

1. Any and all references to payments by plaintiff's attorney and/or any collateral source for medical treatment and plaintiff's referral by their attorney to treating medical providers and/or reference to attorney should have paid for additional medical treatment.
2. Any and all evidence of prior claims history and/or prior lawsuits and/or prior falls.

Doc. 32. Defendant opposes the motion. Doc. 35.

## II.
## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

**B. Application**

**1. Attorney payment and referral**

Plaintiff first seeks to exclude any reference to attorney payment of medical expenses or attorney referral to medical providers. As defendant notes, "the collateral source rule does not apply to attorney-negotiated write-offs or discounts of medical expenses obtained through the litigation process." *Wesley v. Jackson*, 2015 WL 9581825, at *1 (M.D. La. Dec. 30, 2015) (citing *Hoffman v. 21st Century N. Am. Ins. Co.*, 209 So.3d 702 (La. 2015)). But plaintiff maintains that he is obligated to pay the full amount billed by Allied Health, the company that employs his treating physician, regardless of any attorney advances. Doc. 37, p. 4. Evidence of attorney payment or guarantee of payment to medical providers is irrelevant to the amount plaintiff may recover and its probative value is therefore outweighed by its potential for prejudice. *Accord Howard v. Offshore Liftboats, LLC*, 2016 WL 232241, at *3 (E.D. La. Jan. 19, 2016); *Carter v. State Farm Mut. Ins. Co.*, 2021 WL 1181718 (M.D. La. Mar. 29, 2021). The court will **GRANT** the motion in this regard, barring any reference to what plaintiff's counsel paid for or should have paid for. As for plaintiff's referral to treatment providers by his attorney, "the referral of Plaintiff by [his] lawyer to a physician and/or evidence of an ongoing relationship of counsel with that physician is relevant on the issue of possible bias and is therefore admissible[.]" *Carter*, 2021 WL 1181718 at *2 (internal quotation omitted). The motion will be **DENIED** in this respect.

**2. Prior claims, lawsuits, and falls**

Plaintiff also seeks to introduce evidence of other accidents and claims as unduly prejudicial and potentially violating Rule 404(b)'s limits on character evidence. He maintains, however, that he "does not seek to foreclose the Defendants' inquiry into [his] medical history to the extent Defendants can prove that Plaintiff's other injuries contributed to his current medical condition." Doc. 32, att. 1, p. 6. Defendant cites only one prior claim as potentially relevant: plaintiff was involved in a "wet floor" slip and fall at a Dollar Tree store three years prior to this accident and claimed a back injury. Doc. 35, p. 4. The circumstances of this accident are highly relevant to causation for the injuries claimed in this suit. However, the court is not inclined to admit evidence simply to show plaintiff's "purported litigiousness." *Logan v. Westfield Ins. Co.*, 2020 WL 412207, at *7 (W.D. La. Jan. 24, 2020). Accordingly, the motion is **GRANTED** to the extent that the defense is limited to introducing evidence concerning the injuries and circumstances of the accident but may not inquire about the filing of a lawsuit.

## III.
## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that plaintiff's Motion in Limine [doc. 32] be **GRANTED IN PART** and **DENIED IN PART**.

**THUS DONE AND SIGNED** in Chambers on the 5th day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**